DaIxiel, Judge.
 

 This was an action of assumpsit to recover money had and received by the defendant to the use of the plaintiff. Plea non assumpsit. The case was as follows: Taylor, to defraud his creditors, cotlveyed by deed a negro girl to one Bogue. The creditors of Taylor placed their executions in the hands of the defendant, who was a
 
 *251
 
 c onstable. He levied them on the aforesaid slave and sold her. After satisfying the executions, there was a balance money in his hands of $173 43 cts. Taylor drew an order on the defendant to pay this balance to Bogue; the defendant refused to pay as directed, whereupon Taylor brought this action. And the Judge charged the jury that the plaintiff was entitled to recover, as it was a balance of the sale after satisfying the executions against himself.
 

 We do not agree with the Judge, who tried this cause. By the Stat. 13 Eliz. (see Rev. St. ch. 50, s. 1,) the bill of sale of the slave was void only as to the creditors, who were intended to be defrauded; it was good as between Taylor and Bogue, and transferred all the title Taylor had in the slave. When Taylor’s creditors had carved out of the property their demands, by force of the statute, the title to the balance remained where it had before been legally vested, to wit, in Bogue. The order Bogue brought to the defendant from Taylor was not of itself evidence that the aforesaid balance belonged to Taylor; for as between him and Bogue, he would have been estopped by his deed to say, that the slave, or any of the proceeds of her sale, was not the property of Bogue. The presentation of that order by Bogue cannot amount to an assignment of Bogue’s legal right to the money to Taylor, so as to enable the latter to maintain an action for it.
 

 The difficulty in which officers might be placed, in investigating titles to property, il the law was not as the Judge charged, is no answer to the legal demand of Bogue. The constable in this case, as in every other case in which he acts, must proceed at his peril. There must be a new trial.
 

 Per, Curiam. Judgment of the Superior Court reversed and new trial awarded.